Steinberg, Fineo, Berger & Fischoff, P.C.
40 Crossways Park Drive
Woodbury, NY 11797
By: Gary C. Fischoff, Esq.
Proposed Counsel to the Debtor
(516) 747-1136
(516) 747-0382
gfischoff@sfbflaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

In re:                                                                    Chapter 11

BIJAN DANIALIAN                                                           Case No. 11-11115

                Debtor.

-----------------------------------------------------------------------x

BIJAN DANIALIAN,                                                          Adv. Pro. No.:

                Plaintiff,

    -against-

                                                             **COMPLAINT**
BRAVO REALTY CORP.

                Defendant.

-----------------------------------------------------------------------x

The Complaint of Bijan Danialian, by and through his proposed counsel, Steinberg, Fineo, Berger & Fischoff, P.C., respectfully alleges and avers as follows:

## PROCEDURAL BACKGROUND

1. On March 14, 2011 (the "Bijan Petition date"), Bijan filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. Bijan has remained in possession of his assets and continued in the management of his business pursuant to 11 U.S.C. §§ 1107 and 1108 and is a debtor in possession.

3. No trustee, examiner or official committee of general unsecured creditors has been appointed in the case.

## JURISDICTION

4. This adversary proceeding arises out of and relates to the Chapter 11 case of the debtor, Bijan, Case No. 11-11115(SB) on the docket of this Court.

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334.

6. Plaintiff asserts that this is a core proceeding as that determined is defined in 28 U.S.C. §157(b)(2).

7. Venue is proper in this Court pursuant to 11 U.S.C. §1409.

## THE PARTIES

8. Bijan is an individual debtor in the above-captioned bankruptcy proceeding. His petition was filed on March 14, 2011 at 4:56 p.m.

9. Bijan is the owner of interests in various real estate holding entities including United Marion, LLC and United Walton, LLC.

10. The defendant, Bravo Realty Corp. is a lender with offices for the conduct of business c/o Republic Investment Co., located at 630 First Avenue, Plaza Suite, New York, New York 10016 (hereinafter referred to as "Bravo"). On March 14, 2011 at 3:46 p.m., Bravo purchased the Bijan interests in the United real estate LLCs at an alleged public sale.

## BACKGROUND AND ALLEGATIONS AS TO ALL CLAIMS FOR RELIEF

11. On June 9, 2008, Bijan and two others entered into a pledge agreement with Bravo in connection with a purchase money loan to United Walton LLC and United Marion

2

LLC[1] ("Borrowers"). Bijan and two others pledged their membership interests in the Borrowers as security for payment of the loan. A copy of the pledge agreement is annexed hereto as Exhibit "A".

12. The $1,000,000.00 loan underlying the pledge agreement required payment of interest only in the amount of $10,000.00 per month (at the rate of 12% per annum) commencing July 9, 2008 until the later of the first due date or if extended until June 9, 2011. The loan was extended, and on June 9, 2011 the entire outstanding principal balance of $1,000,000.00 would be due.

13. Sometime in approximately December 2010, the Borrower defaulted on the payment of interest.

14. The promissory note provided that monthly payments would commence on July 9, 2008 and thereafter be due on the 9th day of each successive month until the maturity date. (See paragraph 2 of page 1 of the Promissory Note annexed hereto as Exhibit "B").

15. One or about July 25, 2010, Bravo sent to borrowers an alleged notice of default. A copy of the notice is annexed hereto as Exhibit "C".

16. The notice stated that the Borrowers were in default for failing to make monthly payments due on the first day of the month. This was contrary to the terms of the Promissory Note.

17. Moreover, the notice of default, which is required to provide a ten (10) day cure period, did not specify the exact amount necessary to cure the default.

18. Thereafter, in or about March, 2011, Bravo sent Bijan as pledgor, a "Notification of Disposition of Collateral". The notice proportedly notified Bijan that a public auction of the

---

[1] United Marion LLC and United Walton LLC are Chapter 11 debtors before this Court having filed their Chapter 11 petitions on March 14, 2011 at approximately 1:40 p.m. bearing case numbers: 11-11108 and 11-11109 respectively.

pledged membership interests would be held on Friday, March 14, 2011.

19. Friday, March 14, 2011 was a nonexistent date.

20. On March 11, 2011, Bijan received an "Amended Notification of Disposition of Collateral" scheduling a public sale for the membership interests for Monday, March 14, 2011 at 2:00 p.m. Although the amended notice contained a non-fictitious date, it provided Bijan with less than one (1) business day notice. A copy of the Amended Notice is annexed hereto as Exhibit "D".

21. The notice fixed 2:00 p.m. as the date and time of the sale.

22. On March 14, 2011 at 3:46 p.m., Bravo proceeded with the alleged public sale and purchased the membership interests for $50,000.00.

## AS AND FOR A FIRST CLAIM FOR RELIEF

23. Plaintiff repeats and reiterates each and every set forth in paragraphs "1" through "22" of this Complaint with the same force and effect as if more fully set forth herein.

24. The notice of default did not contain true and accurate information about the default including the date from when the payments were in default as well as the correct amount due to cure the default.

25. Paragraph 10(b) of the Loan Agreement required that a Notice of Default and opportunity to cure be served before Bravo could dispose of the collateral.

26. The notice of default was defective and therefore, of no force and effect.

27. Consequently, the disposition of the collateral was done without the required condition precedent and the sale should be declared null and void.

## AS AND FOR A SECOND CLAIM FOR RELIEF

28. Plaintiff repeats and reiterates each and every set forth in paragraphs "1" through "27" of this Complaint with the same force and effect as if more fully set forth herein.

29. The Uniform Commercial Code §9-610 and §9-611, provides that the disposition of the collateral should be a "commercially reasonable disposition". A commercially reasonable disposition includes providing the Pledgors with reasonable advance notice of the sale. In this particular case, Bijan was provided with less than one business day notice of the sale.

30. Because of the defective notice, the notice is null and void and of no force and effect and therefore, the sale conducted pursuant to the defective notice should be vacated and set aside.

### AS AND FOR A THIRD CLAIM FOR RELIEF

31. Plaintiff repeats and reiterates each and every set forth in paragraphs "1" through "30" of this Complaint with the same force and effect as if more fully set forth herein.

32. UCC §9-611(c) provides that a notice of disposition of the collateral should be sent to any secondary obligor.

33. Bijan's wife, Elhan Danialian is an unlimited guarantor of the loan. A copy of the guarantee is annexed hereto as Exhibit "E".

34. As a secondary obligor, she was entitled to the notice of disposition of the collateral.

35. Bravo did not provide Elhan Danialian with a notification of the disposition of the collateral, in violation of UCC §9-611(c).

36. Accordingly, the Notice of Disposition of Collateral and Amended Notice of Disposition of Collateral were defective and should be declared null and void and of no force and effect, thereby vacating the sale that was conducted pursuant to the defective notice.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
### (For a Preliminary Injunction)

37. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "36" of this Complaint with the same force and effect as if more fully set forth herein.

38. As a result of the defective sale, Bravo has taken control of Bijan's interests in the two LLC's and is exercising control over the real properties owned by the LLC's.

39. The exercise of control of the LLC's by Bravo is pursuant to a defective notice the sale, which nullify the sale.

40. A balancing of the equities favors Bijan in continuing to exercise control of the LLC's until such time this matter is determined on its merits.

41. It is in the public interest that Bravo be enjoined from exercising control of the improperly obtained assets otherwise Bravo will be rewarded for its improper activities.

42. Bijan is irreparably harmed by the exercise of control over the improperly obtained assets as the LLC's contain unique and one of a kind properties, the loss of which is not compensable by money damages.

43. Bravo should be preliminarily enjoined pursuant to §105 of the Bankruptcy Code and Rule 7065 of the Federal Rules of Bankruptcy Procedure from continuing to exercise control over the LLCs.

WHEREFORE, Plaintiff/Debtor, Bijan Danialian requests this Court enter judgment against the Defendant as follows:

a) on the first cause of action, vacating the sale of the collateral;

b) on the second cause of action, vacating the sale of the collateral;

c) on the third cause of action, vacating the sale of the collateral; and

d) on the fourth cause of action, preliminarily enjoining Bravo from exercising control

over the LLCs until a determination of this action, together with such other, further and different relief as this court deems just, proper and equitable.

Dated: Woodbury, New York
       March 18, 2011

    STEINBERG, FINEO, BERGER & FISCHOFF, P.C.

    _____
    Gary C. Fischoff, Esq.
    *Attorneys for Plaintiffs*
    40 Crossways Park Drive
    Woodbury, NY 11797
    Phone: (516)747-1136
    Facsimile: (516)747-0382

To:

Goldberg Weprin Finkel Goldstein, LLP
22nd Floor
1501 Broadway
New York, New York 10036
Attn.: Kevin Nash, Esq.

BRAVO REALTY CORP
C/O REPUBLIC INVESTMENT CO
630 FIRST AVENUE, PLAZA SUITE
NEW YORK, NY 10016.